UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANG DING, | No. 1:26-cv-01217-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| KRISTI NOEM, et al., | |
| Respondents. | |

Before the Court is a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) filed by a noncitizen who entered the United States in June of 2025 and has been detained by Immigration and Customs Enforcement ("ICE") for the eight months since pursuant to 8 U.S.C. § 1225(b)(2)(A).  (Mot. at 2; Opp'n (ECF No. 11) at 1.)  During this time, Petitioner has never received a bond hearing nor any other individualized assessment of whether he presents a risk of flight or danger to the community.

Petitioner raises claims similar to ones this Court has already addressed.  This Court has previously joined other districts in concluding that the unreasonably prolonged detention of individuals such as Petitioner under section 1225(b) without a bond hearing can violate the Due Process Clause.  *See Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026);

1

*see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

Petitioner argues his eight-month detention without any individualized assessment violates the Due Process Clause. (Pet. ¶¶ 2, 4, 7.) To determine if Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was initially detained in June of 2025 and has remained in custody for the eight months since. (Mot. at 2.) On November 7, 2025, an Immigration Judge denied Petitioner's asylum application and Petitioner timely appealed. (*See* Pet. ¶¶ 34–35.) Therefore, Petitioner faces indefinitely prolonged detention while the administrative and potentially judicial review of his asylum claim takes place. As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite period, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is now due process under the Constitution.  Courts in this Circuit weigh the following factors to ascertain when prolonged detention violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."  *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); *see, e.g.*, *Sandesh v. LaRose*, No. 3:26-cv-00846-JES-DDL, 2026 WL 622690 (S.D. Cal. Mar. 5, 2026) (finding "it most appropriate to apply the *Banda* test to Petitioner's detention here under § 1225(b), as other courts within this district have done in the past" and collecting cases).

First, the "length of detention, which is the most important factor," weighs slightly in Petitioner's favor as Petitioner has been detained for eight months.  (Mot. at 2; *Martinez*, 2019 WL 5968089, at *9.)  That length of time aligns with that other courts in this Circuit have found sufficiently prolonged to warrant relief.  *See Yagoub v. LaRose*, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding Petitioner's detention of "nearly eight months" without a bond hearing weighed in Petitioner's favor); *see also Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases).

The second factor also weighs in Petitioner's favor.  This factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals."  *Martinez*, 2019 WL 5968089, at *9.  Petitioner's appeal of the Immigration Judge's November decision "remains pending."  (Pet. ¶ 60.)  Further, either party may seek Ninth Circuit review of the Board of

Immigration Appeals' ("BIA") decision.  Therefore, Petitioner faces indefinitely prolonged detention while administrative and potentially judicial appeals of his removal order are decided.  Thus, this factor weighs in Petitioner's favor.  *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

The third factor is neutral as neither party has presented any arguments or evidence about the conditions of Petitioner's confinement.  *See Djelassi v. ICE Field Off. Dir.*, 434 F. Supp. 3d 917, 931 (W.D. Wash. 2020) (finding the "third factor—conditions of the detention facility where Petitioner is detained—is neutral because the parties have not submitted any evidence regarding the conditions at the Northwest Detention Center").

The fourth and fifth factors lean toward Petitioner.  Respondents present no evidence to dispute Petitioner's assertion that he "has never missed a hearing, complied with all DHS requirements, and has pursued relief in good faith."  (Mot. at 3; *see generally* Opp'n.)  Also uncontested is Petitioner's assertion that the "length of Petitioner's detention is attributable to the government's adjudication process."  (Pet. ¶ 37; *see generally* Opp'n.)  Respondents do not assert or supply any evidence indicating that Petitioner has unreasonably or in bad faith delayed his own removal proceedings.  *See Martinez*, 2019 WL 5968089, at *10 (distinguishing between

4

"legitimate defenses" to removal, "which cannot undermine [a petitioner's] claim that detention has become unreasonable" and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings"). While the delay caused by Petitioner's appeal of the Immigration Judge's decision on his asylum claim is not weighed against the government, such appeal is a legitimate avenue for relief from removal and does not weigh against him. *See Masood v. Barr*, No. 19-cv-7623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2022).

Finally, the sixth factor is neutral as the Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of these factors supports Petitioner as four factors, including the most important one, the length of Petitioner's detention, weigh in Petitioner's favor while none weigh in the Government's favor. Having established Petitioner has a liberty interest and determined that his prolonged and indefinite detention entitles him to process, the Court grants Petitioner a bond hearing.

## CONCLUSION

As neither party objects to this Court ruling on the merits of the underlying Petition (*see* ECF No. 7), the Court does so here. Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count I.[1]

2. Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge.

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

5

At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[2]  In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez*, 872 F.3d at 1000.

   3.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 19, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Ding26cv01217.merits

---

[2] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here.  *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).