UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIANG DING,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No. 1:26-cv-01217-DJC-SCR

ORDER

Before the Court is Petitioner's Motion to Enforce this Court's prior order. (ECF No. 15.) For the reasons stated below, Petitioner's Motion is granted. The Court orders Respondents to release Petitioner.

**BACKGROUND**

Petitioner Liang Ding is an immigration detainee presently in the custody of Immigration and Customs Enforcement ("ICE"). While this fact was previously unknown to the Court, it now appears that Petitioner entered the United States on January 4, 2023. (Mot. (ECF No. 5) at 3.) Petitioner was subsequently detained by ICE at a scheduled check-in on June 3, 2025. (*Id.*) In February 2026, Petitioner filed a Petition for a Writ of Habeas Corpus, arguing that his eight-month detention without a bond hearing violated the Due Process Clause. (ECF No. 1 at 7–8.) The Court found that Petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A) in part

based on the Government's assertion that Petitioner "entered the United States in July 2025 and has been in continuously [sic] detained while his removal proceeding [sic]." (ECF No. 11 at 1; ECF No. 12 at 1.) The Court ordered Respondents to provide Petitioner a constitutionally adequate bond hearing based on the finding that his prolonged detention without one violated the Due Process Clause. (ECF No. 12 at 5–6.) The Court therefore ordered Respondents to provide a bond hearing before an Immigration Judge ("IJ") at which the Government would bear the burden of establishing, by clear and convincing evidence, that Petitioner posed a danger to the community or risk of flight. (*Id.*)

On February 11, 2026, Petitioner appeared before an IJ for the scheduled hearing. (Mot. at 4.) Petitioner asserts, and Respondents do not dispute, that the Department of Homeland Security ("DHS") "presented no witness," "made no argument that Petitioner presents a flight risk" and "made no argument that Petitioner presents a danger to the community." (*See* Mot. at 5; *see generally* Opp'n (ECF No. 17).)[1] Nonetheless, the IJ denied Petitioner release on bond. The IJ requested that Respondents supply Petitioner's Form I-213 and ruled based on the facts contained therein. (Mot. at 2.) The IJ then found Petitioner did not present a risk of danger to the community but did present a risk of flight. (Bond Or. (ECF No. 17-1) at 1.)

Petitioner now argues that the hearing Respondents provided was insufficient to satisfy his due process rights. (Mot. (ECF No. 15).) Petitioner requests that the Court find that the hearing provided was not in compliance with the Court's order and that the Court order Petitioner released from Respondents' custody. (*Id.* at 13.) Respondents oppose Petitioner's Motion. (Opp'n (ECF No. 17).)

---

[1] The Court requested that Respondents "provide a transcript or lodge an audio recording of the hearing, if one exists." (ECF No. 16.) As neither party filed one, the Court relies solely on the arguments made by the parties and the IJ's written order in determining what occurred at the bond hearing.

## LEGAL STANDARD

The Court has jurisdiction to enforce its own orders. *See Sub-Zero, Inv. v. Wasserman*, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. March 27, 2025); *see also Agtuca v. Reed*, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006). Petitioner is seeking to enforce this Court's Order as to the standard imposed at the bond hearing. Petitioner argues that the Court ordered a constitutionally adequate bond hearing with the burden on the Government to prove dangerousness or risk of flight by clear and convincing evidence, but that the hearing failed to comply with that Order. (Mot. at 2.) Given the nature of this argument, Petitioner's motion is simultaneously based on the adequacy of the hearing that was provided. Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations.

When reviewing an IJ's detention determination, the Court reviews mixed questions of fact and law under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). Under this standard, the Court "cannot reweigh evidence" but instead determines whether the Immigration Court "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). Thus, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

## DISCUSSION

The Court finds Petitioner has shown the IJ's determination that Petitioner was such a flight risk that no amount of bond was appropriate was an abuse of discretion.

In its prior Order, the Court ordered that Respondents provide Petitioner with a bond hearing where the Government bore the burden of establishing that detention was necessary by clear and convincing evidence. (ECF No. 12 at 5–6.) This clear and convincing standard requires DHS to present evidence that establishes "an abiding conviction that the truth of its factual contentions at issue are highly probable."

*Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (internal citation and quotation omitted); *see Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th Cir. 2015). This is only the case where "the material it offered instantly tilted the evidentiary scales in the affirmative when weighed against the evidence . . . offered in opposition." *Colorado*, 467 U.S. at 316.

"According to the Board of Immigration Appeals, a noncitizen's flight risk may be evaluated based on a number of factors including (1) whether the individual has a fixed address in the United States; (2) length of residence in the United States; (3) the individual's family ties in the United States, and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from the authorities; and (9) the noncitizen's manner of entry to the Unites States." *S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 627456, at *3 (E.D. Cal. Mar. 5, 2026), *findings and recommendations adopted in part by*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 836327 (E.D. Cal. Mar. 26, 2026) (cleaned up) (citing *Matter of Guerra*, 24 I&N Dec. 37, *3 (BIA 2006)). Though the IJ considered these factors at Petitioner's bond hearing, the IJ's finding that Petitioner is a risk of flight suffers multiple defects that render it an abuse of discretion.

*First*, and most obviously, it cannot be said that the Government has met its burden to show by clear and convincing evidence that Petitioner is a flight risk where it is undisputed that the Government made no argument at all to that effect. (*See* Mot. at 5; *see generally* Opp'n.)

*Second*, the IJ's reasoning with respect to the first and fifth factors merely undercut the persuasiveness of Petitioner's evidence; they do not affirmatively establish Petitioner is a flight risk. Petitioner represented that, if released, he "believes he will be able to reside with his friend Mr. Yau." (Bond Or. at 2.) Petitioner also

supplied a letter of support from this individual. (*Id.*) The IJ reasoned that, the fact that this letter of support "does not offer that as an option . . . calls into question whether [Petitioner] has a proper fixed address." (*Id.*) Petitioner also argued his voluntary appearance for his asylum interview weighed in favor of his release as part of his court appearance record. (*Id.*) However, the IJ reasoned that Petitioner lacked "a track record of appearing in Immigration Court" as he had not been placed in removal proceedings until after his current detention. (*Id.*) Therefore, according to the IJ, that "voluntary appearance has little bearing on [Petitioner's] flight risk" both because his failure to appear at that interview would have resulted in automatic referral of his application to the Immigration Court and because that avenue for relief has now been denied. (*Id.*) However, neither of these arguments show by clear and convincing evidence that Petitioner presents a risk of flight. At best, these arguments undercut the persuasiveness of two pieces of evidence supplied by Petitioner in support of his release. But they do not meet the high bar of clear and convincing proof.

Finally, the evidence the IJ considered with respect to the remaining *Guerra* factors does not amount to clear and convincing evidence. The IJ found Petitioner is a "relatively recent entrant" with "no direct family ties in the United States" that would provide him with "more stable avenues of relief, such as adjustment of status." (Bond Or. at 2.) But the limited availability of relief alone does not remotely approach the clear and convincing standard the IJ purported to apply.

Based on the above, it is apparent that, while the IJ stated the appropriate burden in making the determination that Petitioner was a risk of flight (*see* Bond Or. at 1), that was mere "lip service" to the appropriate standard. *See S.E. v. Noem*, 2026 WL 627456, at *4 (citing *Nat'l Res. Def. Council, Inc. v. Pritzker*, 828 F.3d 1125, 1135 (9th Cir. 2016)). In actuality, the Government was not held to its burden, and the appropriate standard was plainly not applied. Accordingly, the IJ's determination that

Petitioner was such a flight risk that no amount of bond was appropriate was an abuse of discretion.

The Court also notes that, based on the new evidence before the Court, the prior conclusion that Petitioner was subject to mandatory detention pursuant to section 1225 is incorrect. Respondents previously represented that "Petitioner entered the United States in July 2025 and has been in continuously [sic] detained while his removal proceeding [sic]." (ECF No. 11 at 1.) However, the information presented by Petitioner both in this Motion to Enforce and in the record in Petitioner's other habeas action now indicate Petitioner entered the United States in January 2023 and had contact with United States Citizenship and Immigration Services several times prior to his present detention. (Mot. at 3.; *Ding v. Warden*, 1:26-cv-04685-DJC-SCR, ECF No. 1 at 4, 7.) Accordingly, his detention is not governed by section 1225 but rather by 8 U.S.C. § 1226(a). *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025). For the reasons stated in this Court's prior cases, Petitioner was therefore entitled to a bond hearing prior to re-detention.

As the Government not only failed to provide Petitioner a bond hearing pre-deprivation but also failed to conduct a constitutionally compliant bond hearing post-deprivation in accordance with this Court's Order, the Court finds Petitioner is entitled to release.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Motion to Enforce (ECF No. 15) is GRANTED.
2. Respondents are ORDERED to immediately release Petitioner Liang Ding from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a

future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. Respondents shall file a status report within five (5) days confirming Petitioner's release.
4. The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this Order.
5. The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **July 15, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Ding26cv01217.mte